UNITED STATES of America, Plaintiff,

v.

LOUISIANA–PACIFIC CORPORATION, Defendant.

Civ. No. 81–813–RE.

United States District Court, D. Oregon.

May 3, 1982.

Charles H. Turner, U.S. Atty., Jack G. Collins, Asst. U.S. Atty., Portland, Or., Benjamin P. Schoen, Deren E. Manasevit, Consumer Affairs Section, Antitrust Div., Dept. of Justice, Washington, D.C., Stephen Gurwitz, F.T.C., Washington, D.C., for plaintiff.

Clifford N. Carlsen, Jr., Michael E. Arthur, Miller, Nash, Yerke, Wiener & Hager, Portland, Or., for defendant.

## OPINION

REDDEN, District Judge:

In 1978, the Federal Trade Commission (FTC) commenced an investigation of a proposed merger between defendant Louisiana Pacific Corporation (LP), and the Fibreboard Corporation (Fibreboard). Negotiations between the FTC and LP resulted in a settlement of the FTC's objections to the merger, conditioned upon LP's agreement to divest itself of the acquired Rocklin, California, Fibreboard plant within two years.

The settlement was reduced to writing, signed by the parties on July 26, 1978, and was part of the FTC order that became final March 28, 1979. As a result, the FTC terminated its objections, but LP did not divest the Rocklin plant within the two year period. Divestiture has not yet occurred.

The government filed this civil penalty action seeking an injunction requiring the divestiture as well as statutory penalties for LP's violation of the prior order.

I have earlier ruled that the defendant has not complied with the divestiture order as written. The defendant concedes that the ordered divestiture has not occurred, but argues in its counterclaim that the FTC's refusal to re-open the order was wrongful. The government now seeks summary judgment in its favor on that counterclaim.

LP contends that amendments to the Federal Trade Commission Act embodied in Section 2 of Public Law No. 96–252, 94 Stat. 374 (hereafter the "FTC Improvements Act") require that the FTC reopen the divestiture order.

That order is governed by the provisions of 15 U.S.C. § 45(b), which allows the FTC to issue cease-and-desist orders. The amendments in question added the following language to 15 U.S.C. § 45(b):

> (2) in the case of an order, the Commission shall reopen any such order to consider whether such order (including any affirmative relief provision contained in such order) should be altered, modified, or set aside, in whole or in part, if the person, partnership, or corporation involved files a request with the Commission which makes a satisfactory showing that changed conditions of law or fact require such order to be altered, modified, or set aside, in whole or in part. The Commission shall determine whether to alter, modify, or set aside any order of the Commission in response to a request made by a person, partnership, or corporation under paragraph (2) not later than 120 days after the date of the filing of such request.

LP argues that this language *requires* the FTC to re-open the order. Further knowledge of the background is helpful: In February of 1980, roughly one year into the two year divestiture period, LP filed its first petition to re-open the order. That petition was amended by letter in June of 1980. The petition sought an amendment of the order to eliminate the requirement of

the divestiture. It was denied by the FTC on June 26, 1980. In February of 1981, with roughly one month still to go in the mandated divestiture period, LP filed for an 18 month extension of the divestiture order. This petition was denied in late March. The two year period also expired in March of 1981. Three months later LP again filed a petition to re-open. This petition incorporated the prior petition to re-open and asserted that LP could not divest due to depressed conditions in the timber industry. This last petition to re-open was denied by the FTC on July 31, 1981. The FTC's position was that the depressed conditions cited by LP did not require re-opening.

LP asserts in its counterclaim that the FTC's denial of the petition to re-open was wrongful. I do not agree.

STANDARD OF REVIEW

The FTC asserts that its denial of the petition is reviewable only for abuse of discretion under Section 706(2)(A) of the Administrative Procedure Act (APA). LP contends that the denial is reviewable under the "substantial evidence" standard, citing *McMullen v. INS*, 658 F.2d 1312 (9th Cir. 1981). *McMullen* is not applicable here. In that case an alien sought a stay of deportation under the Refugee Act of 1980 on the ground that he would be subject to persecution because of his political beliefs if he were deported. An immigration judge agreed and entered findings of fact that persecution in Ireland, as a result of the plaintiff's political beliefs, could result. It was also found that the plaintiff was not a security risk to the United States. *Id.* at 1315. The Immigration and Naturalization Service (INS) appealed to the Board of Immigration Appeals (BIA), which reversed. The Ninth Circuit decided that BIA's action was reviewable under the substantial evidence standard, rather than the "abuse of discretion" standard, and reversed the BIA. The decision in *McMullen* is based on certain revisions in the immigration laws: "The new § 243(h) removes the absolute discretion formerly vested with the Board. A factual determination is now required, and the Board must withhold deportation if certain facts exist. This change requires judicial review of the Board's factual findings if the 1980 amendments to § 243(h) are to be given full effect. Agency findings arising from public, record-producing proceedings are normally subject to the substantial-evidence standard of review." *Id.* at 1316.

The present case is not similar to *McMullen*. There, an immigration judge took lengthy and detailed testimony during hearings which included direct and cross-examination. The hearing was to ascertain whether plaintiff could prove the required likelihood of persecution for political beliefs. *Id.* at 1317. This procedure resulted in a transcript of the public hearings and documentary evidence. The substantial evidence test could then be applied to this corpus of proof.

■ In the present case, by contrast, the FTC's action on a petition to re-open is to examine a statement submitted by the petitioner in order to determine if it "makes a satisfactory showing that changed conditions of law or fact require such order to be altered, modified, or set aside, in whole or in part." In its action on the petition for re-opening the FTC essentially *assumed* the facts asserted therein to be true, and then made the resulting legal determination. Here, then, no evidentiary record is generated, and it would be inappropriate to review for "substantial evidence" when there is no "evidence" before the FTC. I conclude therefore that the "substantial evidence" test should not be used in review of the FTC's decisions to re-open. Those decisions are reviewable only under Section 706 of the APA.

However, the standard of review is not crucial here. If I assumed that the facts contained in LP's petition to re-open were true, and considered them to be "evidence" along with the rest of the administrative record, I could apply the "substantial evidence" standard to this controversy. The result would not be different from my review under the "arbitrary and capricious" standard. *See Asarco v. EPA,* 616 F.2d

1153, 1161 (9th Cir.1980) ("Arbitrary and capricious" standard applied to EPA requirement that manufacturer install "stack testing facility" in smokestacks; court may not go beyond administrative record).

DISCUSSION

The most recent petition for re-opening filed by LP asserts a number of changed circumstances which LP says require re-opening of the divestiture order. Foremost among these is the economic crisis in the timber industry. I accept as true, as did the FTC, the assertion that high interest rates have had a devastating effect on the timber industry. However, the FTC takes the position that the current crisis does not reduce the need for deconcentration in the timber industry. The FTC points out that it has fulfilled its part of the bargain under the settlement agreement and withdrawn its opposition to the LP-Fibreboard merger, which is now an accomplished fact. The FTC also points out that this is a settlement agreement and consent order and that no restrictions were placed upon LP's duty to divest the Rocklin plant. Restrictions, dependent upon the economy, would have been an appropriate subject for negotiation between the parties but are not part of the agreement or consent order signed by the parties. Economic conditions do change in a period of two years, but this fact was obvious when the two year divestiture period was negotiated.

LP asserts that the recession has brought about changes in the timber industry which vitiate the economic premises underlying the FTC's investigation of the LP-Fibreboard merger, and the FTC disagrees. These are matters for the discretion of the agency and my review is a narrow one. It is noteworthy that in the settlement agreement LP agreed to waive " . . . all rights to seek judicial review or otherwise to challenge or contest the validity of the order entered . . ." While the FTC does not take the position that this language bars the present counterclaim it does assert that many of the arguments are not "new," but were matters known when the settlement agreement was negotiated. The defendant

may not use re-opening procedures to delay, or to contest the economic wisdom of the settlement agreement which it agreed not to contest. This conclusion is buttressed by language in the legislative history of the 1980 amendments:

> The Committee strongly emphasizes that unmeritorious, time-consuming, and dilatory requests are not to be condoned. A mere facial demonstration of changed facts or circumstances is not sufficient . . . The Commission, to re-emphasize, may properly decline to reopen an order if a request is merely conclusory or otherwise fails to set forth specific facts demonstrating in detail the nature of the changed conditions and the reasons why these changed conditions require the requested modification of the order.

Senate Report No. 96–500, Commerce, Science and Transportation Committee, December 14, 1979, 1980 U.S.Code and Cong. and Adm. News 3, 1073, 1102, 1110–1111.

I conclude that the FTC's action in rejecting the defendant's petition to re-open was not wrongful. There was no abuse of discretion and there was substantial evidence present in the administrative record to support FTC's action.

The plaintiff's motion for summary judgment against the defendant's counterclaim is GRANTED.